Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

23 CV 413-V

## FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT
### (Non-Prisoner Context)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

**A.     Full Name of Plaintiff: NOTE**: *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

Jerry Wayne Moore

FILED

MAY 1 0 2023

MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

**–vs–**

**B.     Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. Merrick B. Garland, U.S. Atty. General
2. Glenn Youngkin, Governor of Virginia
3. Amy Ashworth, Prince William Co. Atty.
4. Linda Jackson, Director Va. Department of -
5. -Forensic Science
6. 

### 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
*All of these sections **MUST** be answered*

*Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A. Basis of Jurisdiction in Federal Court: 42 U.S.C. §1983 and 28 USC §1331 and §1345 and 42 U.S.C. §3614(a) and 28 U.S. Code § 1651. -- Diversity Jurisdiction.

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B. Reason for Venue in the Western District: Pursuant to 28 U.S.C. § 1391 (b) and (c) because the Plaintiff resides in the State of New York, County of Erie, City of Buffalo and Federal District of Columbia Citizenship.

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.*

C. Nature of Suit: Civil Rights Claim

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** **NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: Jerry W. Moore

Present Address: 865 Michigan Avenue, Apt. 313

Buffalo, New York 14203

Name of Second Plaintiff:

Present Address:

**DEFENDANT'S INFORMATION** **NOTE:** *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: Hon. Merrick B. Garland,

Official Position of Defendant (if relevant): United States of America Attorney General

Address of Defendant: 950 Pennsylvania Avenue, N.W.

Washington, D.C. 20530

Name of Second Defendant: Hon. Glenn Youngkin,

Official Position of Defendant (if relevant): Governor of the Commonwealth of Virginia

Address of Defendant: P.O. Box - 1475

Richmond, Virginia 23218

Name of Third Defendant: Hon. Amy Ashworth,

Official Position of Defendant (if relevant): Prince William County, Virginia -Commonwealth Atty.

Address of Defendant: 9311 Lee Avenue, Suite # 200

Manassas, Virginia 20110

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.    Have you begun any other lawsuits in state or federal court dealing with **the same facts involved in this action?**

Yes ✔    No ☐

**If Yes, complete the next section.** NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

Plaintiff(s): Jerry Wayne Moore

Defendant(s): **The Commonwealth of Virginia, et al**

**RIDLEY BAIN, et al**

2.  Court (if federal court, name the district; if state court, name the county): **U.S. District Court for the Eastern District of Virginia, Alexandria Division.**

3.  Docket or Index Number: **Civil Action No. 96-884-AM     and  Index No. 90-0766-AM**

4.  Name of Judge to whom case was assigned: **James C. Cacheris**

5.  The approximate date the action was filed: **1996  and   1990**

6.  What was the disposition of the case?

      Is it still pending?  Yes ☐  No ☑

      If not, give the approximate date it was resolved. **June 26, 1996**

      Disposition (check those statements which apply):

      ☑ Dismissed (check the statement which indicates why it was dismissed):

          ☐ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

          ☐ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

          ☐ By court due to your voluntary withdrawal of claim;

      ☑ Judgment upon motion or after trial entered for

          ☐ plaintiff

          ☑ defendant.

---

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

**A. FIRST CLAIM:** On (*date of the incident*) **October 1994**

defendant (*give the **name and (if relevant) the position held** of **each defendant** involved in this incident*) **#1.Susan Bellou, Virginia Department of Forensic Science #2. Wilson Garrison, Sheriff of Prince Wm. Co. Va. #3. Percy Thornton, Jr., Trial Judge, presiding  and,  #4. Joan Butler (Prosecutrix).**

did the following to me (*briefly state what each defendant named above did*): Denied me of Due Process of Law and a Fair Trial and Justice. The Trial Court Judge, Non-Jury Failed to convict me of Rape of a 29 year old woman "beyond a reasonable doubt" although human biological forensic evidence determined that I was "FACTUALLY INNOCENT" of the rape charge, the trial judge determined me to be "guilty" of rape.

I was "wrongfully" convicted and "unjustly" imprisoned for a rape I be totally 100% innocent.

The federal basis for this claim is: Title 7, U.S.C., Section § 2923.14.  Relief from weapons disability and, 42 U.S.C. §1983

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

**B. SECOND CLAIM:** On (*date of the incident*) October 1994

defendant (*give the name and (if relevant) position held of each defendant involved in this incident*) Virginia Department of Forensic Science

did the following to me (*briefly state what each defendant named above did*):
Loss or destruction, or concealment or suppression of Human Biological Forensic Criminal Evidence to conseal a "travesty of justice" and convict and detain him in Virginia's Penal Colony.

The federal basis for this claim is: Title I:  Innocent Protection Act 2000 and,
The Innocent Protection Act of 2002

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:
Relief from Civil Judgement. Relief from Civil Disabilities.

Invalidate the Virginia Conviction(s) Rape, Sodomy and Use of a Firearm in Commission of a Felony

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

4

## 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

I request the Court Invalidate the "unjust" criminal convictions in Virginia for Rape, et al

DNA Comparrison of Forensi Evidence in Virginia Repository to my DNA for analysis.

Restore my Second Amendment Rights of the U.S. Constitution to bear arms.

Relief from Civil Judgment and Relief from Civil Disabilities.

Do you want a **jury trial**? Yes ✔  No

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on _____ May 9, 2023 _____
(date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

Perry J. Moore

Signature(s) of Plaintiff(s)

5

## PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT   cont'd.

B.     In re: Jerry Wayne Moore, petitioner, (917 F.2d 557 (4th Cir. 1990)

Petition for Writ of Mandamus,

DENIED

C.     Moore v. Commonwealth of Virginia, ( CA – 96-884-AM )

DENIED

D.     Jerry Wayne Moore v. Commonwealth of Virginia,

[ 97 F. 3d 1448 (4th Cir. 1996)

DENIED

## ADDITIONAL DEFENDANTS

### DEFENDANT'S INFORMATION

Name of Third Defendant:                    Linda Jackson,

Official Position of Defendant (if relevant): Director of the Virginia Department of Forensic Science

Address of Defendant:                       700 North Fifth Street

Richmond, Virginia 23219

By:   **JERRY W. MOORE**
     Plaintiff, *pro se*
865 Michigan Avenue, Apt. 313
Buffalo, New York 14203-1248
(716) 322-0019 (home)
(716) 310-8796 (mobile)
E-mail: moorejerry308@gmail.com

Civil No. _____

**CIVIL COMPLAINT**
**WITH A JURY DEMAND**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

42 U.S.C §1983

Title 7, U.S.C. § 2923.14
**Relief from Civil**
**Weapons Disability and,**
**DNA TESTING**

JERRY W. MOORE,
           Plaintiff,
  -vs-
MERRICK GARLAND,
U.S. ATTORNEY GENERAL.
           Defendant,
    and,
HON. GLENN YOUNGKIN, GOVERNOR
OF COMMONWEALTH OF VIRGINIA,
           Defendant,
    and,
HON. AMY ASHWORTH,
COMMONWEALTH'S ATTORNEY,
PRINCE WILLIAM COUNTY, VIRGINIA
           Defendant,
    and,
LINDA JACKSON, DIR.,
VIRGINIA DEPARTMENT OF
FORENSIC SCIENCE,
           Defendant.

**Title I:**
**Innocent Protection Act § 2000 and**

**Innocent Protection Act § 2002**

1

This action is brought by the Plaintiff Jerry W. Moore, pursuant to Title 42 U.S.C., §1983 and 28 U.S. Code § 1651 and  28 U.S.C. § 1331 to enforce the requirements of  the 2nd Amendment to the United States Constitution and, Title 7, U.S.C. Section 2923.14. Relief from weapons disability and Federal Rule 60(b)- Relief from civil judgment.

<u>Plaintiff</u>

2   JERRY W. MOORE, a 64- years of age, Federal Citizen born in the *Federal District of Columbia* of these United States of America, an African Descendant of Slaves (ADOS) and a *resident* of Erie County, Buffalo, New York.

### ***Statement of the Case***

Plaintiff seeks to restore the gun rights of a "wrongfully" convicted man who is "factually" innocent of the crime(s) he was convicted of. This plaintiff seeks relief from <u>Title 7, U.S.C. § 2923.14</u> – relief from weapons disability and relief from civil judgment under <u>Federal Rule 60(b)</u> based on the facts that he was convicted of a crime he did not commit, and that his conviction has resulted in a deprivation of his Second Amendment rights. Mr. Moore is entitled to relief and that restoring his gun rights is a proper remedy in this case.

2

Here, Jerry Wayne Moore was <u>unconstitutionally</u> denied the *due process* of law when the Commonwealth of Virginia failed to convict him of rape "beyond a reasonable doubt" where human biological evidence concluded that Mr. Moore is "factually innocent" of the rape, but that, the Commonwealth of Virginia convicted him of the rape. [Judge, Non-Jury Trial]. Judge Percy Thornton, Jr., presiding judge.

Jerry W. Moore, a former enslaved and innocent imprisoned Person in the Commonwealth of Virginia, Department of Corrections - Prisoner I.D. # 134-264 (the "Plaintiff"). Plaintiff was "*unjustly*" and "*wrongfully*" convicted of rape, sodomy and use of a firearm in commission of a felony in Prince William County, Virginia Circuit Court –March 3, 1983 - **Based upon human biological forensic evidence, he be "Factually Innocent" of committing the Rape,** in violation of the *due process* clause of the U.S. Constitution 14th Amendment and, further violating Jerry W. Moore's 2nd Amendment Rights to bear arms due to unlawful criminal conviction(s).

### *Statement of Facts*

#### *"A Factually Innocent"*

3.    In October of 1982, while ("I") Jerry W. MOORE was at a Washington, D.C., Metropolitan Bus Transfer Point a woman screamed out aloud for police. When the police arrived, I was arrested and charged with

Kidnapping one Joan Butler, a 29-year-old African-American female and taken to D.C. Jail.

4.      On November 4, 1982, I was Extradited FOURTY (40) Miles South on Interstate 95 to the Jurisdiction of Prince William County, Manassas, Virginia to stand trial for the Rape, Sodomy and Use of a Firearm in Commission of a Felony of 29 year old female namely, Joan Butler of Washington, D.C.

5.      While in custody and being Interrogated by Investigator Wilson Garrison, I submitted to Forensic Evidence Collection and Testing by surrendering samples of my pubic hairs, saliva samples and hair from my head for comparison against the evidence recovered from the rape of Joan Butler (*prosecutrix*).

## DECLARATION OF A FACTUALLY INNOCENT MAN:

6.      The Commonwealth of Virginia Forensic Scientist *"Susan Bellou"* provided Expert Testimony, at trial, on behalf of the Commonwealth of Virginia.

The Commonwealth's Forensic Scientist testified that: "....upon comparison of the defendant's known pubic hair samples against the unknown pubic hairs recovered from the victim, it was determined that each of the hairs exhibited the same characteristics (meaning Negro) however,

4

they were different from the Defendant's pubic hairs samples". *See*, <u>Tr. Tr. at 66 -72.</u>

7.    The Prosecutrix / Victim Ms. Joan BUTLER testified that:

["Defendant gave her a bullet and told her not to tell anyone"].

8.    No physical evidence of a firearm was introduced at trial. No other evidence of a firearm was introduced into evidence other than the <u>uncorroborated</u> testimony of the victim. No bullet was ever introduced into evidence, of which the victim said Mr. Moore gave her.

9.    Jerry Wayne Moore (plaintiff) was Indicted in Manassas, Virginia: <u>INDICTMENT # 12516 and # 12517 and # 12518</u>.  Jerry W. Moore was "wrongfully" and "unjustly" Convicted on March 3, 1983, in the Circuit Court for Prince William County, Virginia and Sentenced to Serve 10-years for Rape- <u>Va. Code § 18.2-61</u>; 5-years for Sodomy <u>Va. Code § 18.2-67.5</u> and 2-years-Mandatory for Use of a Firearm in Commission of a Felony- <u>Va. Code § 18.2-53</u>.   " **[ No physical evidence of a gun or other weapon was introduced at trial ]**" .

10.    The Commonwealth of Virginia Forensic Evidence Repository in Richmond, Virginia lost TWELVE-HUNDRED Criminal Files of Forensic Evidence, including "ALL" my forensic evidence on file.

11.     Jerry W. Moore (*prisoner* I.D. # 134-264) DISCHARGED THE
SENTENCE on February 18, 1994, after serving a total sentence of 11-
years, plus 4-months, 20-days for Crime(s)  I be "NOT GUILTY" and
"TOTALLY" and "FACTUALLY"  INNOCENT.

12.     **I am an "Original"  MEMBER OF THE INNOCENT PROJECT!**

13.     Under the Laws of the Commonwealth of Virginia or any other state
or under federal law may not possess or transport any firearm or carry a
concealed "weapon" to include both handguns and long guns. Va. Code
Ann. § 18.2-308(A) and Va. Code Ann. § 18.2-308.2(A).   "A person
convicted of a felony loses the right to vote and serve on a jury".   Va.
Const. Art. II,  1, 2; Va. Code Ann. § 8.01-338 and Va. Const. Art. II,  5.

14.     Federal law prohibits certain people from possessing firearms. 18
U.S.C. § 922(g). Among them are convicted felons, fugitives from justice,
and—relevant here—anyone "who is an unlawful user of or addicted to any
controlled substance."

15.     Pursuant to the "Gun Control Act of 1968", prohibit receipt or
possession of a firearm or export.

16.     New York State's medical marijuana users are "unlawful user[s] of . .
. [a] controlled substance," so this law makes it a crime for them to possess

firearms. The primary issue in this case is whether the Second Amendment allows this result.

17.   Jerry W. Moore (plaintiff) is a recipient of New York State Department of Health "Medical Marijuana" users and is currently a Tenant at Government Subsidized Multi-Family Housing.

18.   So, while New York State (like many states) has decided it will no longer criminalize medical marijuana, the simple fact is that "[a]nyone in any state who possesses, distributes, or manufactures marijuana for medical or recreational purposes . . . is committing a federal crime." *See*, McIntosh, 833 F.3d at 1179.

19.   Plaintiff contends that the "Unconstitutional deprivation of a cause of action occurs when government officials thwart vindication of a claim by violating basic principles that enable civil claimants to assert their rights effectively.

20.   Here, Plaintiff contends that because this crime occurred forty years ago and advances in DNA analysis had not been available and Innocent Protection Act 2000 and Act of 2002 had not been enacted.

## Jurisdiction and Venue

21.   This Court has jurisdiction over this action under 42 U.S.C. §1983 and 28 USC §1331 and §1345 and 42 U.S.C. §3614(a) and 28 U.S. Code § 1651.

22.   Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c) because the

claims alleged in this action arose in the Western District of New York, and

concern or otherwise relate to federal property located in this District.

### *Federal Citizenship / Sovereign Citizen*

23.   The U.S. Congress shall have power to exercise exclusive legislative

over such District. The "District Clause" in Article I, Section 8, Clause 17.

The Federal District of Columbia has a non-voting Representative in

Congress therefore Jerry W. Moore, being born in Washington, D.C.,

reserves and enjoys SOVEREIGNTY and Federal Citizenship,

*simultaneously*.  Having no voting representative in the U.S. Congress then,

"ALL" RIGHTS and POWER remain With The PEOPLE.


### Defendant # 1.

24.   Defendant - Merrick B. Garland, is the U.S. Attorney General.

The Judiciary Act of 1789 created the Office of the Attorney General which

evolved over the years into the head of the Department of Justice and chief

law enforcement officer of the Federal Government. The Attorney General

represents the United States in legal matters generally and gives advice and

opinions to the President and to the heads of the executive departments of

the Government when so requested. In matters of exceptional gravity or

importance the Attorney General appears in person before the Supreme

Court. Since the 1870 Act that established the Department of Justice as an

executive department of the government of the United States, the Attorney

General has guided the world's largest law office and the central agency for

enforcement of federal laws.

25.    The U.S. Attorney General is chief law enforcement officer of the

**"Gun Control Act of 1968** 18 U.S.C.  921 -prohibits receipt or possession

of a firearm to any person using or addicted to any controlled substance."

Also, the U.S. Attorney General is chief law enforcement officer of **18 USC**

**§ 922 (g)(3).**

<u>Defendant # 2</u>
<u>Commonwealth of Virginia.</u>

26.    Glenn Youngkin, is the Governor of the Commonwealth of Virginia.

The governor must ensure that the laws of the Commonwealth are faithfully

executed by either signing, or allowing it to come into law, or vetoing, not

allowing it to become law. They are responsible for the safety of the state, as

they serve as commander-in-chief of the <u>Virginia Militia.</u>

**"The Commonwealth of Virginia is the "Capital of the Southern**

**Confederacy".**

9

### Defendant # 3
### Prince William County - Virginia

27.    The Commonwealth's Attorney is  Hon. Amy Ashworth.  The Office

of the Commonwealth's Attorney prosecutes criminal cases within the

Thirty First Judicial District. We serve Prince William County, the Cities of

Manassas, and Manassas Park, and the towns of Dumfries, Haymarket,

Occoquan, and Quantico. The Commonwealth's Attorney works with their

local law enforcement partners to protect and safeguard our community

through the prevention and determent of crime. Their mission as public

servants are to vigorously enforce our laws, pursue the truth, and deal openly

and honestly with the community, law enforcement agencies, and victims of

crime.

### Defendant # 4
### Virginia Department of Forensic Science

28.    Defendant Linda Jackson is the Director of the Virginia Department

of Forensic Science .

**Virginia Code § 9.1-1101. Powers and duties of the Department.**

A. It shall be the responsibility of the Department to provide forensic

laboratory services upon request of the Superintendent of State Police; the

Chief Medical Examiner, the Assistant Chief Medical Examiners, and local

medical examiners; any attorney for the Commonwealth; any chief of police,

sheriff, or sergeant responsible for law enforcement in the jurisdiction served by him; any local fire department; the head of any private police department that has been designated as a criminal justice agency by the Department of Criminal Justice Services as defined by § 9.1-101; or any state agency in any criminal matter. The Department shall provide such services to any federal investigatory agency within available resources.

B. The Department shall:

1. Provide forensic laboratory services to all law-enforcement agencies throughout the Commonwealth and provide laboratory services, research, and scientific investigations for agencies of the Commonwealth as needed.

2. Establish and maintain a DNA testing program in accordance with Article 1.1 (§ 19.2-310.2 et seq.) of Chapter 18 of Title 19.2 to determine identification characteristics specific to an individual; and

3. Test the accuracy of equipment used to test the blood alcohol content of breath at least once every six months. Only equipment found to be accurate shall be used to test the blood alcohol content of breath.

C. The Department shall have the power and duty to:

1. Receive, administer, and expend all funds and other assistance available for carrying out the purposes of this chapter.

11

2. Make and enter into all contracts and agreements necessary or incidental

to the performance of its duties and execution of its powers under this

chapter including, but not limited to, contracts with the United States, units

of general local government or combinations thereof in Virginia or other

states, and with agencies and departments of the Commonwealth; and

3. Perform such other acts as may be necessary or convenient for the

effective performance of its duties.

D. The Director may appoint and employ a deputy director and such other

personnel as are needed to carry out the duties and responsibilities conferred

by this chapter.

## <u>CAUSE OF ACTION # 1</u>

29.    "Our system is bottomed on the fundamental principal that it is far, far

worse to incarcerate an innocent man than is to let a guilty man run free."

30.    Here, the Commonwealth of Virginia, Prince William County

violated JERRY W. MOORE'S *Due Process* of Law Rights of the 14th

Amendment to the United States Constitution from arrest, scientific testing

of forensic evidence, at the criminal trial and post-conviction challenges thus

denied plaintiff MOORE of a fair trial under the Sixth Amendment to the

12

U.S. Constitution and violated his 2ⁿᵈ Amendment rights to bear arms by an *unlawful* government act.

31.    Wherein, *here*, in this case, "A man proven by physical scientific forensic evidence that he is "factually innocent" of rape <u>cannot</u> thereafter be found guilty of this same rape crime - **"beyond a reasonable doubt"** without thereinafter violating the *"Due Process"* Clause and Sixth Amendment to a Fair Trial.

32.    The Commonwealth of Virginia, County of Prince William committed an act of violence perpetrated against Jerry W. Moore under the guise of just laws to convict and place Mr. Moore into Virginia's Enslavement System pursuant to the 13ᵗʰ Amendment of the U.S. Constitution.  "Slavery has <u>never</u> been ABOLISHED in the United States of America".

### <u>CAUSE OF ACTION # 2</u>

33.    The Laws in the Commonwealth of Virginia from **March 3, 1983 – October 1996.    The Commonwealth violated the Plaintiff's rights.**

I.    RIGHTS TO VOTE, HOLD STATE OFFICE, AND SERVE ON A STATE JURY; SELECTED OCCUPATIONAL DISABILITIES

### A.   LOSS OF RIGHTS

"A person convicted of a felony loses the rights to vote and to serve on a jury. Va. Const. art. II, §§ 1, 2;  Va. Code Ann. § 8.01-338.  Because the right to hold office is contingent upon being qualified to vote, a person convicted of a felony also loses the right to hold public office. Va. Const. art. II,  § 5.  A public office holder forfeits his office upon conviction of a felony and the office is not restored by a grant of pardon.  Va. Code Ann. § 24.2-231."

"Virginia has a registration requirement for sex offenders. Va. Code Ann. §§ 46.2-389 to 46.2-390.1."

### B.   RESTORATION OF RIGHTS/REMOVAL OF DISABILITIES

"The power to grant pardons (except in cases of impeachment) and "to remove political disabilities consequent upon conviction" is vested in the Governor.  Va. Const. art. V, § 12."

"After a felon's civil rights have been restored through this procedure, he may apply for a simply pardon" which constitutes official forgiveness".

### Title 7: U.S.C. *Section* § 2923.14
### CAUSE OF ACTION # 3

34.   The Commonwealth of Virginia violated Plaintiff's 2nd Amendment Rights to bear arms.

### II.   LOSS AND RESTORATION OF STATE FIREARMS PRIVILEGES

" A person convicted of a felony under the laws of Virginia or any other state or under federal law may not possess or transport any firearm, or

carry a concealed "weapon" (defined to include both handguns and long guns, Va. Code Ann. § 18.2-308(A)). Va. Code Ann. § 18.2-308.2(A)."

## CAUSE OF ACTION # 4

35.     This Plaintiff (Jerry Wayne Moore, *prisoner* I.D. # 134-264) did surrender his DNA for analysis while a prisoner in the Virginia Department of Corrections.

*Pursuant to Virginia Code § 19.2-310.2. Blood, saliva, or tissue sample required for DNA analysis upon conviction of certain crimes; fee.*

A. Every person convicted of a felony on or after July 1, 1990, every person convicted of a felony offense under Article 7 (§ 18.2-61 et seq.) of Chapter 4 of Title 18.2 who was incarcerated on July 1, 1989, and every person convicted of a misdemeanor violation of § 16.1-253.2, 18.2-57, 18.2-60.3, 18.2-60.4, 18.2-67.4, 18.2-67.4:1, 18.2-67.4:2, 18.2-67.5, 18.2-102, 18.2-119, 18.2-121, 18.2-130, 18.2-370.6, 18.2-387, or 18.2-387.1 or subsection E of § 18.2-460 or of any similar ordinance of any locality shall have a sample of his blood, saliva, or tissue taken for DNA (deoxyribonucleic acid) analysis to determine identification characteristics specific to the person. If a sample from the person is stored in the DNA data bank as indicated by the Department of Forensic Science DNA data bank sample tracking system, no additional sample shall be taken. A fee of $53

15

shall be charged for the withdrawal of this sample. The fee shall be taxed as part of the costs of the criminal case resulting in the conviction and $15 of the fee shall be paid into the general fund of the locality where the sample was taken and $38 of the fee shall be paid into the general fund of the state treasury. This fee shall only be taxed one time regardless of the number of samples taken. The assessment provided for herein shall be in addition to any other fees prescribed by law. The analysis shall be performed by the Department of Forensic Science or other entity designated by the Department. The identification characteristics of the profile resulting from the DNA analysis shall be stored and maintained by the Department in a DNA data bank and shall be made available only as provided in § 19.2-310.5.

B. After July 1, 1990, the blood, saliva, or tissue sample shall be taken prior to release from custody. Notwithstanding the provisions of § 53.1-159, any person convicted of an offense listed in subsection A who is in custody after July 1, 1990, shall provide a blood, saliva, or tissue sample prior to his release. Every person so convicted after July 1, 1990, who is not sentenced to a term of confinement shall provide a blood, saliva, or tissue sample as a condition of such sentence. A person required under this section to submit a sample for DNA analysis is not relieved from this requirement regardless of

16

whether no blood, saliva, or tissue sample has been taken from the person or, if a sample has been taken, whether the sample or the results from the analysis of a sample cannot be found in the DNA data bank maintained by the Department of Forensic Science.

C. Nothing in this section shall prevent the Department of Forensic Science from including the identification characteristics of an individual's DNA profile in the DNA data bank as ordered by a circuit court pursuant to a lawful plea agreement.

D. A collection or placement of a sample for DNA analysis that was taken or retained in good faith does not invalidate the sample's use in the data bank pursuant to the provisions of this article. The detention, arrest, or conviction of a person based upon a data bank match or data bank information is not invalidated if it is determined that the sample was obtained, placed, or retained in the data bank in good faith, or if the conviction or juvenile adjudication that resulted in the collection of the DNA sample was subsequently vacated or otherwise altered in any future proceeding, including but not limited to post-trial or post-fact-finding motions, appeals, or collateral attacks.

E. The Virginia Department of Corrections and the Department of Forensic Science shall, on a quarterly basis, compare databases of offenders under the

custody or supervision of the Department of Corrections with the DNA data bank of the Department of Forensic Science. The Virginia Department of Corrections shall require a DNA sample of those offenders under its custody or supervision who are required to submit a sample pursuant to this section if they are not identified in the DNA data bank.

F. The Department of State Police shall verify that a DNA sample required to be taken for the Sex Offender and Crimes Against Minors Registry pursuant to § 9.1-903 has been received by the Department of Forensic Science. In any instance where a DNA sample has not been received, the Department of State Police or its designee shall obtain from the person required to register a sample for DNA analysis.

G. Each community-based probation services agency established pursuant to § 9.1-174 shall determine by reviewing the Department of Forensic Science DNA data bank sample tracking system upon intake and again prior to discharge whether a blood, saliva, or tissue sample is stored in the DNA data bank for each offender required to submit a sample pursuant to this section and, if an offender's sample is not stored in the data bank, require the offender to submit a sample for DNA analysis.

H. The sheriff or regional jailer shall determine by reviewing the Department of Forensic Science DNA data bank sample tracking system

upon intake and again prior to release whether a blood, saliva, or tissue sample is stored in the DNA data bank for each offender required to submit a sample pursuant to this section and, if an offender's sample is not stored in the data bank, require the offender to submit a sample for DNA analysis.

1990, c. 669; 1993, c. 33; 1996, cc. 154, 952; 1998, c. 280; 2002, cc. 54, 753, 773; 2005, cc. 868, 881; 2007, c. 528; 2011, c. 247; 2015, cc. 193, 209, 437; 2018, cc. 417, 543, 544; 2019, cc. 201, 786; 2022, cc. 41, 42.

The chapters of the acts of assembly referenced in the historical citation at the end of this section may not constitute a comprehensive list of such chapters and may exclude chapters whose provisions have expired.

## <u>CAUSE OF ACTION # 5</u>

36.    Loss of Storage Evidence, Preservation and Retention of Human Biological Evidence, in violation of Va. Code Ann. § 19.2-270.4:1.

"A. Notwithstanding any provision of law or rule of court, upon motion of a person convicted of a felony or his attorney of record to the circuit court that entered the judgment for the offense, the court shall order the storage, preservation, and retention of specifically identified human biological evidence or representative samples collected or obtained in the case for a

period of up to 15 years from the time of conviction, unless the court determines, in its discretion, that the evidence should be retained for a longer period of time".

The Virginia Department of Forensic Science is responsible for the storage of forensic criminal evidence after conviction (*Repository*).

37.    However, the Plaintiff's (JERRY W. MOORE) forensic evidence on file and the forensic rape evidence relating to his unjust conviction(s) **conveniently disappeared** and walked-away from the "*secured*" Virginia Department of Forensic Science "*Repository*". Not only did the plaintiff's Forensic Evidence disappear but over 1,200 Case Files just Disappeared from the Virginia Department of Forensic Science- Repository and have never been found to this date.

38.    Although the Virginia Forensic Science Department did not misplace or, cause to disappear his DNA evidence submitted for analysis.

39.    Provide JERRY WAYNE MOORE with DNA testing and analysis of plaintiff's DNA already on file with the Virginia Commonwealth of Virginia Forensic Science Department with the "unknown" pubic hair samples and semen swabs samples recovered from the victim's vaginal area of the rape.

The Commonwealth of Virginia refuses to make the DNA comparison for fear of what the State of Virginia knows shall be revealed – "*innocent*" man.

40.    IN CONCLUSION, the Court must reconcile the need for correction of unjust judgments with the aims of finality in litigation. Fed. Rule § 60(b). In accordance with the *Philosophy of Laws*,  "any law without justice is not a law at all. It is an act of violence that cannot be obeyed". 18 U.S.C. § 925(c).

### "*Prayer for Relief*"

**WHEREFORE**, the Plaintiff prays that this Court enter an order that:

1. Restore Jerry Wayne Moore's 2nd Amendment Rights to Bear Arms.

2.    Grant Moore relief against civil disabilities for wrongful conviction and incarceration.

3.    Injunctive Relief. Federal Rule 60(b) and Title 7, U.S.C. 2923.14.

4.    Invalidate the Commonwealth of Virginia's March 3, 1983, criminal-Criminal Conviction(s) and declare the convictions unconstitutional.

5.    Any and further relief as the Court may deem just, proper and equitable, under law.

**"I declare under penalty of perjury that the above is true and correct"**. Executed on: May 10, 2023.

Signed By: _Jerry W. Moore_

Jerry W. Moore, *pro se*
865 Michigan Avenue, Apt. 313
Buffalo, NY 14203-1248
(716) 322-0019
E-mail: moorejerry308@gmail.com

21

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

23 CV 413

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JERRY WAYNE MOORE

**(b)** County of Residence of First Listed Plaintiff **ERIE COUNTY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PRO SE

## DEFENDANTS

MERRICK B. GARLAND, U.S. ATTY. GENERAL

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
Plaintiff
- [ ] 3  Federal Question
*(U.S. Government Not a Party)*
- [X] 2  U.S. Government
Defendant
- [ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983; 28 U.S.C. 1331 and 1345; 42 u.s.c. 3614(a); 28 U.S.C. 1651;  INNOCENT PROTECTION ACT 2000 and Act of 2002.
Brief description of cause:
RELIEF AGAINST CIVIL DISABILITIES;  2nd AMENDMENT VIOLATION

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
1.5 Million

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
May 8, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE *LSV*   MAG. JUDGE _____